The Honorable James L. Robart

1
2
3
4
5
6
7    UNITED STATES DISTRICT COURT FOR THE
8    WESTERN DISTRICT OF WASHINGTON
     AT SEATTLE
9

10   UNITED STATES OF AMERICA,                 NO. CR14-360 JLR

11                    Plaintiff,
                                               UNITED STATES'
12                                             SENTENCING MEMORANDUM

13             v.

14   JEFFREY FORD HANSON,

15                    Defendant.

16

17       In August 2014, defendant Jeffrey Hanson set sail on a trip around the world, but

18   he did not go alone.  Instead, he took his minor son, B.H., without notifying B.H.'s

19   mother or obtaining her approval.  After two months at sea, defendant Hanson and B.H.

20   landed on the shores of Niue, a small island nation in the South Pacific.  Shortly

21   thereafter, B.H. was reunited with his mother, and defendant Hanson made his initial

22   appearance on the instant offense.  Sentencing is scheduled for June 8, 2015.  Given the

23   nature and circumstances of the offense, the defendant's history and characteristics, and

24   the need to promote respect for the law, the United States recommends a sentence of time

25   served, or approximately seven months.

26                        I.       FACTUAL BACKGROUND

27       As stated in the facts contained in the Presentence Investigation Report prepared

28   by the U.S. Probation Office (the "PSR")  — and elicited during defendant Hanson's plea

UNITED STATES' SENTENCING MEMORANDUM                        UNITED STATES ATTORNEY
U.S. v. JEFFREY FORD HANSON, CR14-360 JLR - 1               700 STEWART STREET, SUITE 5220
                                                            SEATTLE, WASHINGTON 98101
                                                            (206) 553-7970

hearing — Jeffrey Ford Hanson is the father of B.H., a 9 year old boy who was born in August 2005.  PSR ¶ 6; Plea Agreement ¶ 6a.  Pursuant to an Amended Parenting Plan entered in King County Superior Court in May 2011, B.H.'s mother, J.H., is the primary custodial parent.  PSR ¶ 6; Plea Agreement ¶ 6b.  Among other things, the Amended Parenting Plan provides that B.H. shall reside with J.H., but that defendant Hanson shall have exclusive visitation rights once per month for up to six consecutive days. Complaint ¶ 9.  The Amended Plan further states that "other visits with mother and child can be arranged by agreement of the parties.  After the child reaches the age of nine, the father may travel domestically or internationally for up to one year exclusively with the child."  Id.  According to J.H., she signed the Amended Parenting Plan, but was unaware of this condition prior to the events that led to defendant Hanson's conviction. Nevertheless, the terms of the Amended Parenting Plan clearly required J.H.'s consent prior to defendant Hanson taking B.H. for up to one year of international travel.

In July 2014, B.H. flew from Pennsylvania to Seattle with J.H.'s permission to spend the summer with defendant Hanson.  PSR ¶ 7; Plea Agreement ¶ 6c.  Defendant Hanson knew that he had to return B.H. to J.H.'s custody prior to school starting in early September 2014.  Id.  In fact, on or about August 29, 2014, defendant Hanson arranged for the purchase of an airline ticket from Seattle to New York.  PSR ¶ 7; Plea Agreement ¶ 6d.  At the time he purchased the ticket, defendant Hanson intended to take B.H. on a sailing trip around the world without notifying J.H. or obtaining her consent.  Id.  On or about August 30, 2014, defendant Hanson and B.H. set sail across the Pacific Ocean on their unauthorized trip around the world.  PSR ¶ 7; Plea Agreement ¶ 6e.  After approximately 60 days at sea, defendant Hanson and B.H. reached the shores of Niue, a small island nation in the South Pacific Ocean.  PSR ¶ 9; Plea Agreement ¶ 6f.  B.H. was recovered and through the work of the Federal Bureau of Investigation, flown from Niue to New York to be reunited with his mother.  Defendant Hanson was detained by Niue for immigration offenses and deported through New Zealand to the United States to face criminal prosecution.

## II.     SENTENCING

As the Ninth Circuit and the Supreme Court have made clear, the Sentencing Guidelines are "the 'starting point and the initial benchmark' . . . and are to be kept in mind throughout the process."  *United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc) (citations to *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), omitted).  Title 18, United States Code, Section 3553(a), sets forth factors for the Court to consider along with the advisory guidelines range.  Nevertheless, "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'"  *Id.*  (quoting *Kimbrough*, 552 U.S. at 109).

**A.     The Advisory Guideline Range is 10 to 16 months**

Based upon the stipulations in the written plea agreement between defendant Hanson and the United States, the advisory sentencing Guidelines recommend a sentence between 10 and 16 months incarceration.  This guideline calculation is consistent with the Probation Office's guideline calculation in the presentence report.

In the Presentence Report, the Probation Office determined that the following Guideline provisions apply:

- The base offense level for defendant Hanson's offense is fourteen (14) pursuant to U.S.S.G. § 2J1.2.  PSR ¶ 14;

- A two (2) level downward adjustment pursuant to U.S.S.G. § 3E1.1 because the defendant accepted responsibility for his offense.  PSR ¶ 21.

Thus, the Probation Office computed defendant Hanson's offense level as a level 12.  Defendant Hanson has a no criminal history points, and his criminal history category is "I".  Accordingly, the advisory Guideline range for an offense level of 12 and a criminal history category of I is 10 to 16 months imprisonment.

//

UNITED STATES' SENTENCING MEMORANDUM
U.S. v. JEFFREY FORD HANSON, CR14-360 JLR - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.      The § 3553(a) Factors Support a Sentence of Time Served (Approximately Seven Months)**

A sentence of time served of approximately seven months is warranted in this case given the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide just punishment for the offense and promote respect for the law, and the need for general deterrence.

**1.      The Nature and Circumstances of the Offense**

The nature and circumstances of the offense support a sentence of time served. Defendant Hanson took B.H. without J.H.'s knowledge or consent on a sailing voyage aboard his sailboat, the Draco.  There is no disputing that there are certain obvious risks in exposing a nine year old boy to the threats posed by sailing across the vast Pacific Ocean.  Furthermore, by setting sail with B.H. without notifying J.H., defendant Hanson caused significant emotional pain to J.H.  For more than two months, J.H. was forced to deal with a life without B.H., not knowing his exact location, but believing that defendant Hanson had taken B.H. on a dangerous trip on the wide open ocean.

While these facts are of obvious concern to the United States, there are certain mitigating facts that support a sentence of time served.  First, defendant Hanson is B.H.'s father, and despite the inherent risks involved in a sailing trip around the world, it is unlikely that defendant Hanson intended to cause harm to his own son.  In fact, defendant Hanson's father had taken defendant Hanson on a similar trip when the defendant was a boy which apparently led to defendant Hanson's lifelong love of sailing.  It appears that defendant Hanson, albeit without his ex-wife's knowledge or permission, was trying to provide what he believed was a positive experience to B.H.  Second, defendant Hanson is an experienced sailor who has sailed his entire life and completed two sailing trips around the world – one while he at the age of 13, and one as a young adult.  Thus, while there was obvious risk to B.H.'s safety and wellbeing during the sailing trip, those risks were somewhat mitigated by the defendant's sailing experience.   Finally, it appears that defendant Hanson intended to return B.H. to his mother's custody following the trip.

UNITED STATES' SENTENCING MEMORANDUM
U.S. v. JEFFREY FORD HANSON, CR14-360 JLR - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 2.     The History and Characteristics of the Defendant

A sentence of time served is also supported by "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).  There are both aggravating and mitigating factors in the defendant's history and characteristics that support a sentence of time served.  The defendant has a long history of substance abuse, including drinking large amounts of alcohol and consuming a wide array of other controlled substances, including methamphetamine, cocaine, marijuana, and LSD.  During the investigation of the instant offense, a number of individuals expressed a concern for B.H.'s wellbeing as they believed that the defendant was using narcotics, including methamphetamine.  In addition, in a post-arrest statement, the defendant admitted to law enforcement that he was using narcotics at the time of the offense.

As for mitigating factors, the defendant has no criminal history.  Furthermore, as noted above, the defendant's father took the defendant on a trip around the world when the defendant was a 13 year old boy.  As defendant Hanson told the Probation Office, he believed that such an experience taught him responsibility and fortitude.  It appears that in inappropriately taking B.H., defendant Hanson was interested in instilling these same qualities in his own son.

### 3.     To Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment for the Offense

A sentence of time served also will "reflect the seriousness of the offense, … promote respect for the law, and … provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  While still a serious offense, in enacting the International Parental Kidnapping statute, Congress imposed a statutory maximum term of imprisonment of three years.  In the Kidnapping statute, 18 U.S.C. § 1201, Congress authorized a maximum term of imprisonment of life, but specifically excluded cases involving a kidnapping of a minor by a parent.  This disparate treatment by Congress reflects that, while still serious, parental kidnapping potentially involves significantly less harm to the minor victims.  Moreover, as mentioned above, there is no indication that defendant

UNITED STATES' SENTENCING MEMORANDUM
U.S. v. JEFFREY FORD HANSON, CR14-360 JLR - 5

Hanson intended to deprive J.H. of her parental rights permanently.  Therefore, a custodial term of roughly seven months adequately accounts for these factors.

### 4.    To Afford Adequate Deterrence to Criminal Conduct by the Defendant and Others

Defendant Hanson pleaded guilty in a timely manner and acknowledged his unlawful actions.  Thus, the defendant is not likely to reoffend.  In addition, the United States believes that a custodial term of time served, which equals seven months in this case, is sufficient, "to afford adequate deterrence to criminal conduct" by others. 18 U.S.C. § 3553(a)(2)(B).

## C.    Restitution

The United States has not received any information from J.H. concerning any restitution in this matter.  To the extent the United States receives such information this before the sentencing hearing, we will notify the Court, Probation and defense counsel.

//
//
//

UNITED STATES' SENTENCING MEMORANDUM
U.S. v. JEFFREY FORD HANSON, CR14-360 JLR - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.    CONCLUSION

Accordingly, the United States respectfully requests that the Court impose a sentence of time served and one year of supervised release.

DATED this 1st Day of June, 2015.

Respectfully submitted,
ANNETTE L. HAYES
United States Attorney

s/ Justin W. Arnold
JUSTIN W. ARNOLD
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903
Telephone: (206) 553-5326
Fax: (206) 553-2422
justin.arnold@usdoj.gov

UNITED STATES' SENTENCING MEMORANDUM
U.S. v. JEFFREY FORD HANSON, CR14-360 JLR - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on June 1, 2015, I electronically filed the foregoing with the

4      Clerk of the Court using the CM/ECF system, which will send notification of such filing

       to the attorney(s) of record for the parties.

5
       Dated this 1st Day of June, 2015.
6
7                                          *s/Katelyn Mitchell*
                                           KATELYN MITCHELL
8                                          Paralegal Specialist
                                           United States Attorney's Office
9                                          700 Stewart Street, Suite 5220
                                           Seattle, Washington 98101-1271
10                                         Phone: (206) 553-4161
11                                         FAX:   (206) 553-0882
                                           E-mail: katelyn.mitchell@usdoj.gov
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' SENTENCING MEMORANDUM
U.S. v. JEFFREY FORD HANSON, CR14-360 JLR - 8